UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KECIA KEMP,

                Plaintiff,

-against-

CHAUNCEY HENRY,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**
17 Civ. 1020 (BMC)

**COGAN**, District Judge.

Plaintiff Kecia Kemp, proceeding *pro se*, brings this action for attorney malpractice, seeking only punitive damages. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed and plaintiff is granted 20 days leave to file an amended complaint.

## BACKGROUND

Plaintiff brings this action against attorney Chauncey Henry ("Henry"), who represented her in an action before this Court for employment discrimination and retaliation under Title VII, the Family and Medical Leave Act, and corresponding provisions of New York State law. See Kemp v. City of NY Dept. of Health, No. 16 Civ. 1080 (BMC) (the "prior action"). Plaintiff originally filed the prior action *pro se* in March 2016, and later retained Henry in October 2016. The complaint is not entirely clear, but it appears that plaintiff agreed to pay Henry $5,000 to represent her in the prior action. Plaintiff states that she paid Henry $1,500 on the day he was retained, and thereafter, "on the 15th of each month beginning [November] 2016 [Henry] would go into [plaintiff's] Chase bank to receive $458.00."

On February 4, 2017, I granted defendant's motion to dismiss the prior action with prejudice as to the federal claims and without prejudice as to the state law claims. It is clear from the instant complaint that plaintiff was dissatisfied with the outcome of the prior action and Henry's representation of her in that action. She claims that Henry did not attempt to communicate with her about her case, submitted papers to the Court without notifying her or seeking her approval, and failed to properly advise her as to appropriate steps she could take to pursue her case. Plaintiff also states that Henry had access to her bank account pursuant to the parties' engagement agreement, but that Henry "went into her bank account" without authorization on two occasions.

In the instant action plaintiff is seeking $300,000 in punitive damages due to Henry's "lack of representing my case, misleading me to think that I was late filing my case and that I was not providing documents in timely matter [sic] which is fabrication to what I submitted through the court prior to retaining Mr. Henry."

## DISCUSSION

Although plaintiff is proceeding *pro* se, and her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), she still must establish that the court has subject matter jurisdiction over her action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Igartua v. Dept. of Homeless Servs., Nos. 15 CV 3806, 15 CV 3807, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted). "A plaintiff properly invokes § 1331 jurisdiction when [s]he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, which is currently $75,000. Id. (citing § 1332(a)).

Plaintiff does not allege a basis for jurisdiction, but it is clear from the complaint that the Court has neither federal question nor diversity jurisdiction. The factual allegations in the complaint purely state a claim for legal malpractice, which is a matter of state law over which this Court does not have federal question jurisdiction. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter.").

Although it appears that diversity of citizenship exists, as plaintiff is a citizen of Virginia and Henry is a citizen of New York, plaintiff has not remotely met her burden to establish that she can recover more than or even close to $75,000 in this action. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a

reasonable probability that the claim is in excess of the statutory jurisdictional amount.") (internal quotation marks omitted). Plaintiff rests only on her demand for punitive damages to satisfy the jurisdictional amount, and "in computing jurisdictional amount, a claim of punitive damages is to be given closer scrutiny . . . ." Zahn v. Int'l Paper Co., 469 F.2d 1033, 1033 n. 1 (2d Cir. 1972). Plaintiff's demand for $300,000 in punitive damages, in light of the fact that she did not suffer any compensatory damages, "raise[s] a suspicious judicial eyebrow." BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 583 (1996). Indeed, plaintiff's claim to $300,000 is based solely on Henry's representation for which the parties agreed Henry would be paid a mere $5,000. These allegations fail to allege a colorable basis for the amount of punitive damages sought.

However, "[b]efore determining that the amount in controversy requirement has not been met, the court must afford plaintiff the opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." Chase Manhattan Bank, N.A., 93 F.3d at 1070. Plaintiff is therefore granted leave to file an amended complaint. Should plaintiff elect to file an amended complaint, the amended complaint must set forth facts sufficient to meet the amount in controversy requirement set forth above. In other words, she must explain how to gets to a damage calculation in excess of $75,000; she cannot just pull a number out of the air.

## CONCLUSION

The complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff is granted 20 days leave to file an amended complaint. Plaintiff is advised that an amended complaint does not simply add to the first complaint; it completely replaces the original complaint. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint.

4

The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this Order within the time allowed, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 1, 2017